IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

UNITED STATES OF AMERICA,

v.

ABUBAKAR SAKAPALA and
ALICK BANDA,

      Defendants.

CRIMINAL ACTION FILE

NO: 3:18-cr-008-TCB

# **O R D E R**

This case comes before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation (the "R&R") [64] which recommends denying Defendant Abubakar Sakapala's motions [33, 36] to suppress evidence and denying Defendant Alick Banda's similar motions [34, 35]. Sakapala has filed objections [69] to the R&R, as has Banda [71].

Sakapala and Banda are charged in a two-count indictment with conspiracy to possess with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and possessing

with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A) and 18 U.S.C. § 2. Defendants seek to suppress evidence and statements obtained following a stop of the tractor-trailer in which they were traveling on March 13, 2018. The facts of the case are not disputed, and the Court adopts the facts as set forth in the R&R. Defendants object to certain conclusions reached in the R&R, which the Court will review.

## I.     Legal Standard on Review of a Magistrate Judge's R&R

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. A district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (A judge must "give fresh consideration to those issues to which specific objection has been made by a party."). Those portions

2

of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v.*

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

*McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## II.    Sakapala's Objections to the R&R

Sakapala objects to the conclusion that the information provided by the confidential informant supported reasonable articulable suspicion. As such, the Court will consider this issue de novo.

As set out in detail in the R&R, the facts at the evidentiary hearing established that the DEA obtained information from a confidential informant that an individual known as "Andrew" was involved in drug trafficking.

In particular, Sakapala argues that there is no evidence of the confidential informant's reliability, such as testimony that the informant has been reliable in the past or that the information is current. He argues that, for information from an informer to be the sole basis for probable cause, it must be revealed how the informer obtained his information and why the police believed the informer was credible and reliable. *See Aguilar v. Texas*, 378 U.S. 108, 114 (1964).

However, Sakapala's objection is based on an archaic standard. "To avoid 'rigid' legal rules, [*Illinois v. Gates*, 462 U.S. 213 (1983),] changed the 'two-pronged test' of *Aguilar v. Texas* into a totality-of-the-circumstances test." *United States v. Laughlin*, No. 1:10-cr-113-TWT/AJB, 2012 WL 3065404, at *27 (N.D. Ga. July 6, 2012). "Under the *Gates* totality-of-the-circumstances test, the 'veracity' and 'basis of knowledge' prongs of *Aguilar*—for assessing the usefulness of an informant's tips—are not independent." *Id.* "They are better understood as relevant considerations in the totality of the circumstances analysis that traditionally has guided probable cause determinations: a

deficiency in one may be compensated for by a strong showing as to the other." *Gates*, 462 U.S. at 233.

The *Gates* approach applies in the reasonable suspicion context but requires a lesser showing than probable cause. *Alabama v. White*, 496 U.S. 325, 328–30 (1990) ("Reasonable suspicion is a less demanding standard than probable cause . . . also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause.").

Based on the facts from the R&R, the anonymous tip and subsequent corroboration prior to the investigatory stop established reasonable suspicion. Details provided by the tip were investigated and confirmed by law enforcement, thus satisfying the *Gates* standard and justifying law enforcement's reasonable suspicion of criminal activity. *See United States v. Lee*, 68 F.3d 1267, 1271 (11th Cir. 1995) ("It is clear that the police corroborated much of the informant's information in this case.").

Law enforcement corroborated the confidential informant's tip that Andrew traveled from California to Atlanta to transport narcotics.

Geolocation records located Andrew at LAX, but four hours later he was in Atlanta.

Law enforcement corroborated the confidential informant's information regarding location of Andrew's warehouse. The informant indicated that "Andrew possibly used a warehouse near the Patterson Avenue area to unload the tractor trailers when they arrived in Atlanta. . . ." [64] at 4. Geolocation data confirmed Andrew's phone near Patterson Avenue.

Law enforcement corroborated the method of transporting drugs that the confidential informant said Andrew used, as well as that Andrew possibly would send two trucks. The agents observed a white tractor-trailer with "Venture Logistics" markings on it, saw Andrew unload materials from a tractor-trailer, and observed a second truck at the Patterson warehouse.

Sakapala argues that the facts and inferences supporting reasonable suspicion concerned entirely legal activities. However, "reasonable suspicion of criminal activity may be formed by observing

7

exclusively legal activity." *United States v. Gordon*, 231 F.3d 750, 754 (11th Cir. 2000).

Based on the totality of the circumstances, the Court agrees with the conclusion in the R&R that reasonable suspicion existed based on the totality of the circumstances.[2] Sakapala's objections therefore are overruled.

## III.  Banda's Objections to the R&R

Banda objects to the same conclusion as Sakapala, for the same reasons. As discussed *supra* in the context of Sakapala's objection, this objection is overruled.[3]

Banda also objects on the basis that his statements made at the roadside should not be considered pre-arrest or noncustodial statements. Specifically, the Government represented that it intended to admit only one custodial statement made by Banda, and Banda

---

[2] Having so concluded, the Court need not reach Sakapala's "administrative search" argument.

[3] Banda's other objections, regarding whether he has standing and whether the stop and search were pursuant to statutory authority, are moot because the Court concludes that reasonable suspicion existed.

argues that this means the Government has conceded it will not use his roadside statements.

However, the statements were made in response to general inquiry questions from law enforcement officers once Banda was discovered to be in the trailer. The Court concludes that these roadside statements were not custodial. *See Berkemer v. McCarty*, 468 U.S. 420, 442 (1984). Therefore, the Government did not concede that it would not use Banda's roadside statements.

Banda's objections are overruled.

## IV. Conclusion

The Court has carefully reviewed the R&R and Defendants' objections thereto. Having done so, the Court finds no clear error in the portions of the R&R to which Defendants have not objected. *Macort*, 208 F. App'x at 784. Further, the Court finds that Magistrate Judge Vineyard's factual and legal conclusions were correct and that Defendants' objections have no merit. Therefore, the Court adopts as its Order the R&R [64]. Defendants' motions [33, 34, 35, 36] to suppress are denied.

IT IS SO ORDERED this 28th day of March, 2019.

Timothy C. Batten, Sr.
United States District Judge